**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-22-0000362**
**18-SEP-2025**
**07:58 AM**
**Dkt. 48 SO**

NO. CAAP-22-0000362

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

LESTER SUMERA, Plaintiff-Appellant,
v.
GLEN SALVADOR, ROYAL HAWAIIAN MOVERS,
STEVEN GOO, individually and in his official
capacity as operations manager, supervisor and
safety manager, Defendants-Appellees,
and
JOHN DOES 1-10; DOE CORPORATIONS; DOE PARTNERSHIPS
and OTHER ENTITIES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC171000835)

### SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, McCullen and Guidry, JJ.)

Plaintiff-Appellant Lester Sumera (**Sumera**) appeals from the Circuit Court of the First Circuit's (**circuit court**) "Final Judgment in Favor of Defendants[-Appellees] Royal Hawaiian Movers [(**RHM**)] and Steven Goo [(**Goo**)] [(collectively referred to as **Defendants**)] as to Counts I, II, IV, and V of the Second Amended Complaint, filed November 21, 2018 [Dkt.27]"

(**Rule 54(b) Judgment**),[1] entered pursuant to Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 54(b) on May 3, 2022.[2]

Sumera raises two points of error on appeal, contending that the circuit court erred in entering the Summary Judgment Order, and in awarding attorneys' fees to Defendants' counsel as a sanction.  Upon careful review of the record, briefs, and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Sumera's points of error as follows:

(1) Sumera specifically contends that the circuit court erred in granting summary judgment in favor of Defendants with regard to Count V alleging wilful and wanton misconduct and

---

[1]	Sumera also appeals from the circuit court's (1) March 22, 2021 "Order Granting [RHM] and [Goo's] Motion to Compel Interrogatory Responses and Production of Documents from [Sumera], Filed December 1, 2020 [DKT.65]" (**Order Compelling Production**), (2) April 29, 2022 "Order Granting [RHM] and [Goo's] Motion for Summary Judgment as to Counts I, II, IV, and V of the Second Amended Complaint, Filed July 28, 2021 [DKT.96]" (**Summary Judgment Order**), and (3) March 28, 2022 "Minute Order Award of Attorneys['] Fees Incurred Relating to Motion to Compel and Motion for Order to Show Cause" (**Minute Order Granting Fees**).

The Rule 54(b) Judgment incorporates the Summary Judgment Order, and "incorporates and preserves the Order Granting [RHM] and [Goo's] Motion For Order To Show Cause Why Plaintiffs Should Not Be Held In Contempt For Failure To Comply With Order Granting Motion To Compel Interrogatory Responses And Production Of Documents From [Sumera], Filed July 29, 2021." This latter order was never filed but was granted orally by the court during the December 29, 2021 hearing.  Sumera does not make any arguments challenging the Order Compelling Production, and, as discussed infra in section (2), the oral order granting Defendants' motion for order to show cause, and the Minute Order Granting Fees, are not appealable.

[2]	The Honorable Bert I. Ayabe (**Judge Ayabe**) and the Honorable James C. McWhinnie (**Judge McWhinnie**) presided.  Judge Ayabe entered the Order Compelling Production, and Judge McWhinnie entered the other orders appealed from and the Final Judgment.

Count II alleging intentional infliction of emotional distress (**IIED**).

We review the circuit court's grant of summary judgment de novo, applying the following standard,

> [S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must view all of the evidence and inferences drawn therefrom in the light most favorable to the party opposing the motion.

Ralston v. Yim, 129 Hawaiʻi 46, 55-56, 292 P.3d 1276, 1285-86 (2013) (citation omitted). Applying this standard, we consider the circuit court's award of summary judgment on Counts V and II in that order.

**Count V (wilful and wanton misconduct).** Sumera contends that there is a genuine issue of material fact as to whether Goo's conduct was "wilful and wanton," such that Goo's conduct fell within an exception to the general rule that workers' compensation of an injured employee is the exclusive remedy for an injury arising out of and in the course of employment. Iddings v. Mee-Lee, 82 Hawaiʻi 1, 5-6, 919 P.2d 263, 267-68 (1996). Pursuant to Hawaii Revised Statutes (**HRS**) § 386-8(k) (2015 & Supp. 2016), "[a]nother employee of the same employer shall not be relieved of that employee's liability as a

third party, if the personal injury is caused by that employee's wilful and wanton misconduct."

The Hawai'i Supreme Court has defined wilful and wanton misconduct, as the term is used in HRS § 386-8(k), as conduct that is either: "(1) motivated by an actual intent to cause injury; **or** (2) committed in circumstances indicating that the injuring employee (a) **has knowledge of the peril to be apprehended**, (b) **has knowledge that the injury is a probable**, as opposed to a possible, **result of the danger**, and (c) **consciously fails to avoid the peril**." Iddings, 82 Hawai'i at 9-12, 919 P.2d at 271-74 (emphasis added).

Defendants argued, in their summary judgment papers, that "[t]he only question for [the circuit court] to analyze [with regard to Count V] is whether Goo had knowledge that [Sumera's] injury was *probable* and if so, whether he *consciously* failed to avoid such peril."  Defendants produced evidence, in the form of Sumera and Goo's deposition testimony, to support these arguments.  See Ralston, 129 Hawai'i at 60, 292 P.3d at 1290 ("[A] summary judgment movant may satisfy his or her initial burden of production by either (1) presenting evidence negating an element of the non-movant's claim, or (2) demonstrating that the nonmovant will be unable to carry his or her burden of proof at trial.").  This evidence included, inter alia, Goo's testimony that he had overseen at least 300,000

4

trash bins delivered to Oahu residents, had never seen anyone fall off of a delivery truck, and did not have any safety concerns regarding the project and the trucks.

The burden then shifted to Sumera to establish a genuine issue of material fact for trial. We conclude that Sumera met this burden through his declaration and deposition testimony. The declaration and deposition testimony established that Goo managed the delivery project. The delivery project required workers, including Sumera, to ride, without guardrails to hold, on the flatbed of trucks driving up to 25 miles per hour. Sumera also produced the declaration of another RHM employee, Onofre Lactaoen, who represented that Goo told the workers, "before the accident, that putting on guard rails would cost more."

Sumera later produced Goo's deposition testimony,[3] in which Goo acknowledged that it was his idea to have the delivery workers riding on the flatbed of trucks during deliveries. Goo testified that, out of 300,000 trash can deliveries, Sumera was the only one who fell down. Goo stated, "that's because [Sumera] didn't get his grip on the truck and the truck started moving." When asked what grip Sumera had to hold onto, Goo

---

[3]   Sumera submitted this evidence as part of a late-filed supplement to his opposition to the Defendants' motion for summary judgment. This late filing was accepted by the circuit court.

replied "of his feet." When asked whether the workers on the flatbed would "fall down" if "the driver doesn't drive safely" or "the driver drives erratically," Goo replied "sure" and "I'm sure they would."

On this record, we conclude that Sumera established a genuine issue of material fact as to whether Goo had knowledge that it was "probable" the trash can delivery procedure would result in injury to workers like Sumera, and whether Goo "consciously failed to avoid the peril."[4] Iddings, 82 Hawaiʻi at 21, 919 P.2d at 283. We therefore conclude that the circuit court erred in granting summary judgment in favor of Defendants on Count V.

**Count II (IIED).** Sumera contends that there is a genuine issue of material fact as to whether Goo committed IIED. In order to prevail on a claim for IIED, a plaintiff must prove that (1) the conduct allegedly causing the harm was intentional or reckless, (2) the conduct was outrageous, and (3) that the conduct caused, (4) extreme emotional distress to another. Hac v. Univ. of Haw., 102 Hawaiʻi 92, 95, 73 P.3d 46, 49 (2003). In order to prevail, a plaintiff must prove all four elements of IIED. Defendants contend that summary judgment was appropriate

---

[4]    We note that the circuit court applied an incorrect standard in considering, at the summary judgment stage, whether Sumera would be able to produce "clear and convincing evidence" of Goo's alleged wilful and wanton misconduct. See Bremer v. Weeks, 104 Hawaiʻi 43, 64, 85 P.3d 150, 171 (2004).

because Sumera would not be able to prove at trial that Goo's conduct was "outrageous."

The Hawai'i Supreme Court has held that, with regard to "outrageous" conduct,

> **It has not been enough that the defendant has acted with an intent which is tortious or even criminal**, or **that he has intended to inflict emotional distress**, or even **that his conduct has been characterized by "malice,"** or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and **so extreme in degree, as to go beyond all bounds of decency**, and to be regarded as **atrocious**, and **utterly intolerable in a civilized community.** Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

Ross v. Stouffer Hotel Co. (Haw.), 76 Hawai'i 454, 465 n.12, 879 P.2d 1037, 1048 n.12 (1994) (quoting Restatement (Second) of Torts § 46 cmt. d (Am. L. Inst. 1965)) (emphasis added).

Viewing the evidence and inferences in the light most favorable to Sumera, we conclude that Sumera did not establish a genuine issue as to whether Goo's conduct was "outrageous" — i.e., whether Goo's conduct went "beyond all bounds of decency," or was "utterly intolerable in a civilized community." The evidence that Goo managed a project requiring Sumera to ride on the flatbed of a trash can delivery truck allegedly moving at up to 25 miles per hour does not, without more, create an issue as to whether Goo's conduct rose to the level of "outrageous" conduct. We therefore conclude that the circuit court was not

wrong in granting summary judgment in favor of Defendants on Count II.

For the foregoing reasons, we vacate the Summary Judgment Order in part as to Count V, and affirm in part as to Count II.

(2) Sumera contends that the circuit court erred in entering two orders related to the Motion for Order to Show Cause — the circuit court's oral order granting Defendants' motion to show cause on December 29, 2021, and the March 28, 2022 Minute Order Granting Fees.[5] Minute orders are not appealable. Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawaiʻi 319, 321 n.3, 966 P.2d 631, 633 n.3 (1998).

Moreover, the Rule 54(b) Judgment did not expressly incorporate the oral grant of Defendants' motion to show cause or the Minute Order Granting Fees.[6] See HRCP Rule 54(b) ("[T]he [circuit] court may direct the entry of a final judgment **as to one or more but fewer than all of the claims or parties** only upon an express determination that there is no just reason for

---

[5] The record reflects that the circuit court did not reduce the oral order granting Defendants' motion for order to show cause or the Minute Order Granting Fees to written orders. Sumera's points of error cite to the December 29, 2021 hearing transcript on Defendants' motion for order to show cause and the Minute Order Granting Fees.

[6] The circuit court's Rule 54(b) Judgment, by its express terms: (1) entered judgment in favor of Defendants and against Sumera on Counts I, II, IV, and V of the Second Amended Complaint; (2) "incorporate[d] and preserve[d]" the oral order granting Defendants' motion for order to show cause; and (3) "dispose[d] of all other claims between [Sumera] and Defendants."

delay and upon an express direction for the entry of judgment.") (emphasis added). However, because the Rule 54(b) Judgment "incorporate[d] and preserve[d]" the oral order granting Defendants' motion for order to show cause, and because the Minute Order Granting Fees is derivative of the oral order, we construe these matters as being preserved upon remand to the circuit court.

For the foregoing reasons, we affirm in part and vacate in part the Summary Judgment Order and Rule 54(b) Judgment. We remand for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawaiʻi, September 18, 2025.

On the briefs:

Alex M. Sonson,
for Plaintiff-Appellant.

Mark G. Valencia,
for Defendants-Appellees.

/s/ Karen T. Nakasone
Chief Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge